Ray **MARSHALL**, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

**BURGER KING CORPORATION,** Defendant.

No. 77 Civ. 2140.

United States District Court, E. D. New York.

Feb. 24, 1981.

On Motion to Amend March 12, 1981.

See also, D.C., 504 F.Supp. 404.

Carin Ann Clauss, Sol. of Labor, Francis V. LaRuffa, Regional Sol., U. S. Dept. of Labor, New York City, by Steven M. Guttell, New York City, for plaintiff.

Kelley, Drye & Warren, New York City, by Martin D. Heyert and Paul L. Bressan, New York City, for Burger King.

## JUDGMENT

SIFTON, District Judge.

This action came on for trial before the Court, the Hon. Charles P. Sifton, District Judge, presiding, and issues having been duly tried and a decision having been duly rendered in Memoranda and Orders dated December 9, 1980, and February 24, 1981, it is

ORDERED, ADJUDGED AND DECREED that the defendant, its agents, officers, directors, servants, and employees be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 52 Stat. 1060, 29 U.S.C. 201–219, hereinafter called the "Act," with respect to record keeping and pay to its Assistant Managers in the New York region of defendant's operations who are compensated below the weekly level of compensation set forth in the proviso to 29 C.F.R. 541.1(f), as from time to time amended, in the following manners:

(1) Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any such Assistant Managers longer than the applicable statutory maximum (40 hours) unless such employee receives compensation for his or her employment for such hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

(2) Defendant shall not, contrary to sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve adequate records with respect to such Assistant Managers and of their wages and hours of employment, as prescribed by the regulations of the Administrator of the Wage and Hour

Division, United States Department of Labor, issued and from time to time amended pursuant to section 11(c) of the Act and found in 29 C.F.R. 516.

(3) Defendant shall create, establish, and maintain an adequate and accurate record-keeping system designed to record the time spent by such Assistant Managers on production work.

(4) Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, continue to withhold the payment of unpaid overtime compensation to the employees named in Exhibit A, which is annexed hereto and made a part hereof, and shall make the payment of unpaid overtime compensation to said employees in the amount of four thousand three hundred twelve dollars and eighty-eight cents ($4,312.88), plus interest as set forth in Exhibit A from the dates set forth therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

(5) defendant, under the supervision of the Secretary of Labor, shall make the payments set forth in paragraph 4 of this judgment by the delivery of separate certified checks to the representative of the U.S. Department of Labor, Wage-Hour Division, 159 N. Franklin St., Hempstead, N.Y. 11550, payable in the alternative to each of the employees set forth above, as follows: "Individual Employees, and/or Wage and Hour Division—Labor," in the net amount due to each said employee after making legal deductions from the gross amount due listed opposite his or her name;

(6) defendant shall make all payments directed in paragraph 4 above within thirty (30) days after entry of this judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

(7) any net sums which, within one year after payment of all sums is required to be paid to the employees set forth in Exhibit A to this judgment, have not been distributed to the employees entitled thereto or to their personal representatives because of inability of either the defendant or plaintiff to locate the proper person or because of such person's refusal to accept such sums, shall be deposited with the Clerk of Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. § 2041.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

(8) so much of the complaint herein as seeks relief with respect to the wages, hours, and records maintained by defendant with respect to Assistant Managers in such area of defendant's operations compensated above the weekly level of compensation contained in the proviso of 29 C.F.R. 541.-1(f) be, and it hereby is, dismissed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

(9) the costs of this action shall be taxed by the Clerk against the defendant.

The Clerk is directed to mail a copy of the within Judgment to all parties.

| NAME | PERIOD OF COVERED EMPLOYMENT* | BACKWAGE DUE | INTEREST** | TOTAL |
|------|-------------------------------|--------------|------------|-------|
| Michael Csorba | 12/01/74 – 03/15/76 | $398.20 | $220.49 | $618.69 |
| Camille D'Amato | 08/03/74 – 04/22/76 | $576.90 | $326.22 | $903.12 |
| James DiOrio | 02/28/75 – 04/15/75 | $ 30.88 | $ 18.22 | $ 49.10 |
| Marilyn Garilli | 03/07/75 – 11/01/75 | $231.84 | $130.68 | $362.52 |
| William Greaves | 12/16/76 – 07/15/77 | $255.00 | $ 87.99 | $342.99 |
| Frank Greco | 06/02/74 – 09/06/74 | $ 46.20 | $ 30.17 | $ 76.37 |
| Dominick Guluzzy | 03/16/76 – 09/13/76 | $186.84 | $ 82.23 | $269.97 |
| Philip Lassalvy | 10/31/75 – 05/31/76 | $216.00 | $103.07 | $319.07 |
| Thomas Linder | 06/01/74 – 08/08/74 | $ 42.20 | $ 27.74 | $ 69.94 |
| Sam Litwin | 06/16/78 – 10/16/78 | $250.26 | $ 52.53 | $302.79 |
| Calvin Morris | 06/30/74 – 12/12/74 | $ 82.50 | $ 52.66 | $135.16 |
| Charles O'Connor | 01/01/77 – 03/04/78 | $546.54 | $152.56 | $699.10 |
| Doreen Oliveri | 11/12/76 – 05/16/77 | $311.04 | $111.87 | $422.91 |

| NAME | PERIOD OF COVERED EMPLOYMENT* | BACKWAGE DUE | INTEREST** | TOTAL |
|---|---|---|---|---|
| Michael Pitkewicz | 08/01/77 – 11/09/77 | $120.00 | $ 29.44 | $149.44 |
| Judy Archer | 07/16/77 – 08/15/77 | | | |
| Purcell | 02/21/77 – 03/16/77 | $ 84.32 | $ 27.48 | $111.80 |
| John Urgo | 03/16/76 – 12/01/76 | $276.00 | $117.43 | $393.43 |
| Thomas Walter | 08/01/78 – 04/30/79 | $658.16 | $123.21 | $781.37 |
| TOTAL: | | $4312.88 | $1693.99 | $6006.87 |

\* Expressed in terms of week ending.

\*\* Interest computed based upon the "adjusted prime rate" as set by the Secretary of the Treasury pursuant to 26 U.S.C. 6621 (See *Marshall* v. *Snyder*, 430 F.Supp. 1224 (Concl. of Law 21) E.D.N.Y. (Pratt, J.) (copy provided)) from the midpoint of each employee employment subject to this action to December 31, 1980. Interest calculated as follows:

| PERIOD | RATE | AUTHORITY |
|---|---|---|
| prior to 7/1/75 | 6% | 26 C.F.R. 301.6621–1(a)(1) |
| 07/01/75 to 01/31/78 | 9% | 26 C.F.R. 301.6621–1(a)(2) |
| 02/01/78 to 01/31/80 | 6% | Rev. Ruling 77–411, 1977–2 C.B. 480 |
| 02/01/80 to present | 12% | Rev. Ruling 79–366, 1979–2 C.B. 402 |

### On Motion to Amend

Defendant has moved to amend the judgment filed herein on February 25, 1981. The motion is denied.

The first amendment sought borders on the frivolous. Defendant failed at trial to sustain its burden of establishing that its Assistant Managers subject to the long form test are exempt executives. Accordingly, these employees are appropriately compensated for overtime work on the same basis as other hourly employees. If at some later date defendant can establish, through demonstrated changes in its internal procedures and consequent alteration of the work patterns of its Assistant Managers, that its Assistant Managers have become executive employees in fact, as well as in name, it can apply on appropriate notice to the Secretary to be relieved of the terms of the judgment. Until such time as the judgment is modified, the Assistant Managers are entitled to compensation for the work they do on the same basis as other employees in their category of employment.

With respect to the second amendment sought, the reference to the New York regional office is appropriate. The reference is, as explained in this Court's opinion, to the first office in the corporate hierarchy exercising supervision over both of the districts involved in this litigation. It is this office with responsibility for both districts that was found to be the source of the violations in each district. Whether this office is called by defendant its Area Office or, as now seems more likely, its Regional Office is beside the point. What matters is the function of the office with regard to both of the districts involved in this litigation. Having itself offered little evidence even at this stage with regard to its own internal organization above the district level as bearing on the issue of the appropriate remedy in the event violations were found, defendant can hardly complain now if the language of the decree does not conform to its own internal usage.

The reference to defendant's concession that the evidence at trial is sufficient to support a finding of violation at the district level will stand. The reference in the opinion was not intended to suggest that defendant has conceded a violation, but only to state what defendant's papers show, namely, a concession that the evidence at the trial was sufficient to support a finding of violation at the district level.

The Clerk is directed to mail a copy of the within to all parties.

SO ORDERED.